IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| | : Case No. 2:19-cr-192 |
| v. | : |
| | : JUDGE SARAH D. MORRISON |
| MICHAEL SEXTON, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court for consideration of Defendant Michael Sexton's Motion for Compassionate Release (ECF No. 60) and the Government's Opposition (ECF No. 62). The motion is **DENIED**.

## BACKGROUND

Mr. Sexton has been in custody since May 7, 2019, when his bond was revoked. On August 28, 2020, Mr. Sexton plead guilty to possession of stolen mail in violation of 18 U.S.C. § 1708 (Count One); identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 2); and bank fraud in violation of 18 U .S.C. § 1344 (Count 3). On February 4, 2020, he was sentenced to fifteen months on Counts One and Three to run consecutively and to twenty-four months on Count Two to run consecutively with counts One and Three. (ECF Nos. 47, 48.) He was sentenced to three years of supervised release on Counts One and Three and one year on Count Two, each to run concurrently. The Court ordered Mr. Sexton to pay restitution in the amount of $19,498.33.  The Court directed that he be assessed for participation in the

1

Residential Drug and Alcohol Abuse Program("RDAP") and that he complete a mental health assessment while in BOP custody. (ECF No. 52 at 28.)

Mr. Sexton was assigned to FCI Elkton in February 2020. He states that he contracted COVID-19 there and that he spent two weeks at a hospital recovering from the virus before returning to Elkton. Although he provides no medical records substantiating those claims, the Government does not dispute either statement.

He applied to the BOP for compassionate release but the warden denied his request. Mr. Sexton has thus exhausted his administrative remedies. He has served nineteen months of his thirty-nine-month sentence, or about 48% of his total sentence.

Mr. Sexton seeks an order immediately releasing him and allowing him to begin his supervised release term. He seeks a reduction in his sentence to twenty-four months on Count Two to run consecutively with three months for Counts One and Three. The Government opposes.

## ANALYSIS

Mr. Sexton argues that the "daily fear of contracting COVID-19," presumably prior to his first infection and presently for re-infection[1], constitute just punishment. He asserts that his fear of re-infection, inability to secure dental care, vision care, work, and RDAP review due to FCI Elkton's COVID-19 lockdown

---

[1] COVID-19 reinfection is rare but possible. "Reinfection with COVID-19" (October 27, 2020) https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html#:~:text=In%20general%2C%20reinfection%20means,about%20COVID%2D19 (visited January 12, 2021).

2

constitute "extraordinary and compelling" reasons warranting his immediate release under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Whether early release is permissible under the section is typically determined by a three-step analysis. As the Sixth Circuit explains:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

*United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021). Where, as here, an incarcerated person pursues early relief on his own behalf, the Court "skip[s] step two of the § 3582(c)(1)(A) inquiry." *Jones*, 980 F.3d at

3

1111. That is, the Court bypasses review of applicable policy statements issued by the Sentencing Commission found in U.S.S.G. § 1B1.13 that address what circumstances are extraordinary and compelling. The Court "may deny compassionate-release motions when any of the t[wo] prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Elias*, 2021 U.S. App. LEXIS 251 at *5-6.

The Court's analysis is therefore framed as follows. First, does Mr. Sexton establish extraordinary and compelling reasons for release without reference to U.S.S.G. § 1B1.13? Second, and only if so, does consideration of the § 3553(a) factors indicate that release is proper?

*Extraordinary and Compelling*. These terms are not defined in the statute. Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 2021 U.S. App. LEXIS 251, at *6 (citation omitted). In this regard, the Court has "full discretion" in determining whether Sexton's stated reasons seeking release are both extraordinary and compelling. *Jones*, 980 F.3d at 1111 (6th Cir. 2020).

As noted *supra*, Mr. Sexton provides no medical records showing that he has medical risk factors increasing the likelihood of severe outcomes from COVID-19. He apparently had COVID-19 and recovered.
He further fails to argue that FCI Elkton is taking insufficient steps to prevent the spread of the virus or that the facility is currently experiencing a severe COVID-19 outbreak. The BOP's data as of January 11, 2021 indicate that four out of 1,418

4

inmates have active COVID-19 infections, with twenty-eight staff members also testing positive for the virus. Confirmed Active Cases at BOP Facilities, https://www.bop.gov/coronavirus/ (visited January 11, 2021); *see also* General Information for FCI Elkton, https://www.bop.gov/locations/institutions/elk/ (visited January 11, 2021). Furthermore, "the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions." *United States v. Babbitt*, No. 18-384, 2020 U.S. Dist. LEXIS 195976, at *12 (E.D. Pa. Oct. 21, 2020). Lastly, a generalized fear of contracting or re-contracting COVID-19 "cannot independently justify compassionate release." *Elias*, 2021 U.S. App. LEXIS 251, at *10 (as to original transmission)(internal quotations and citations omitted); *see also United States v. Phillips*, No. 3:09-cr-00134-SLG, 2020 U.S. Dist. LEXIS 222613, at *4 (D. Alaska Nov. 30, 2020)(denying motion for compassionate release based upon fear of COVID-19 re-infection and absence of documentation of alleged underlying medical issues). Mr. Sexton has therefore failed to establish extraordinary and compelling circumstances and his Motions for Compassionate Release based upon generalized COVID-19 fears are **DENIED**. (ECF Nos. 55, 60).

      Mr. Sexton's arguments as to supposed inadequate medical care likewise fail to rise to extraordinary and compelling circumstances.  He fails to provide any medical documentation indicating that he has vision problems necessitating care. He fails to produce any medical records showing that he has dental issues. He does not supply the Court with medical records indicating that his alleged unspecified

vision and dental concerns are unstable. He does not provide medical records showing that he requested and was denied necessary care. Because he fails to provide the Court with any medical records or other evidence, his Motions for Compassionate Release based upon inadequate medical care are **DENIED**. *See Elias*, 2021 U.S. App. LEXIS 251, at *9 (holding district court could deny motion for compassionate release based upon failure to provide medical records); *see also United States v. Schnabel*, No. 2:17-cr-169, 2020 U.S. Dist. LEXIS 115970, at *18 (S.D. Ohio July 1, 2020) (Graham, J.)(denying compassionate release motion in part due to absence of medical records).

Finally, Mr. Sexton intones without elaboration that his inability to work or to participate in RDAP due to Elkton's COVID-19 programming freeze is an extraordinary and compelling circumstance necessitating compassionate release. RDAP was not guaranteed to him and it was not a condition of his incarceration. Moreover, the Court "recognizes that while the BOP addresses the challenges posed by the COVID-19 pandemic, access to programming and mental health treatment will be temporarily limited, perhaps significantly so." *United States v. Morales*, No. 3:19-CR-00121 (KAD), 2020 U.S. Dist. LEXIS 77037, at *10 (D. Conn. May 1, 2020). The purpose of such limitations is to protect the health of inmates and facility staff during a once-in-a-century pandemic. In that sense, the lack of programming serves to achieve the result Mr. Sexton seeks—decreased COVID-19 exposure. For these reasons, the Court determines that Elkton's programming restrictions are neither extraordinary nor compelling.

In sum, Mr. Sexton has failed to show that extraordinary and compelling reasons exist justifying his early release and the Court need not address the § 3553(a) factors. His Motion for Compassionate Release is **DENIED**. (ECF No. 60.)

**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**